IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE OF NEW JERSEY,                )
                                    ) Civil Action
        Plaintiff              ) No. 07-cv-5298
                                    )
        vs.                    )
                                    )
RRI ENERGY MID-ATLANTIC POWER       )
  HOLDINGS, LLC,                    )
RRI ENERGY POWER GENERATION,        )
  INC.,                             )
SITHE ENERGIES, INC.,               )
  now known as Dynegy, Inc., and   )
METROPOLITAN EDISON CO.,            )
                                    )
        Defendants             )
                                    )
    and                             )
                                    )
STATE OF CONNECTICUT,               )
                                    )
        Intervenor-Plaintiff   )
                                    )
        vs.                    )
                                    )
RRI ENERGY MID-ATLANTIC POWER       )
  HOLDINGS, LLC,                    )
RRI ENERGY POWER GENERATION,        )
  INC.,                             )
SITHE ENERGIES, INC.,               )
  now known as Dynegy, Inc., and   )
METROPOLITAN EDISON CO.,            )
                                    )
        Intervenor-Defendants  )

O R D E R

      NOW, this 30th day of September, 2010, upon consideration of the following motions and documents:

          (1)  Notice of Motion and Plaintiff's and Plaintiff-Intervenor's Memorandum of Law in Support of Motion to Strike Affirmative Defenses of Metropolitan Edison Company, which notice and memorandum were filed December 7, 2009 by plaintiff the State of

New Jersey and intervenor-plaintiff the State of Connecticut;

(2) Notice of Motion and Plaintiff's and Plaintiff-Intervenor's Memorandum of Law in Support of Motion to Strike Affirmative Defenses of RRI Energy Mid-Atlantic Power Holdings, LLC, RRI Energy Power Generation, Inc. and Sithe Energies, Inc., N/K/A Dynegy, Inc., which notice and memorandum were filed December 7, 2009 by plaintiff the State of New Jersey and intervenor-plaintiff the State of Connecticut;

(3) Opposition to Plaintiff's and Plaintiff-Intervenor's Motion to Strike Affirmative Defenses of RRI Energy Mid-Atlantic Power Holdings, LLC, RRI Energy Power Generation, Inc. and Sithe Energies, Inc., N/K/A Dynegy, Inc. ["RRI and Sithe"], which memorandum in opposition was filed January 7, 2010;

(4) Metropolitan Edison Company's ["Met Ed"] Memorandum of Law in Opposition to Plaintiff's and Plaintiff-Intervenor's Motion to Strike Affirmative Defenses, which memorandum in opposition was filed January 7, 2010; and

(5) Plaintiff's and Plaintiff-Intervenor's Reply Memorandum in Support of Motion to Strike Affirmative Defenses of Defendants, which reply was filed February 4, 2010;

and for the reasons articulated in the accompanying Opinion,[1]

IT IS ORDERED that the Notice of Motion and Plaintiff's and Plaintiff-Intervenor's Memorandum of Law in Support of Motion

---

[1] Although each within motion is styled a "notice of motion" with accompanying memorandum in support, herein and in the accompanying Opinion I refer to each as a motion. References to Met Ed's defenses refer to affirmative defenses set forth in its Answers to New Jersey's First Amended Complaint filed December 4, 2008 and Connecticut's First Amended Complaint-in-Intervention filed April 3, 2009, which answers were filed October 28, 2009. References to RRI and Sithe's affirmative defenses refer to affirmative defenses set forth in their Answers to the same complaints, and which Answers were also filed October 28, 2009.

to Strike Affirmative Defenses of Metropolitan Edison Company is granted in part, granted in part as unopposed, and denied in part.

IT IS FURTHER ORDERED that the motion is granted as unopposed to the extent it seeks to strike references to "equitable injunctive relief" and the "concurrent remedy rule" in Met Ed's Third Defense, and to the extent it seeks to strike Met Ed's Fifth and Tenth Defenses.

IT IS FURTHER ORDERED that all references to "equitable injunctive relief" and the "concurrent remedy rule" are stricken from Met Ed's Third Defense; and Met Ed's Fifth and Tenth Defenses are stricken in their entirety.

IT IS FURTHER ORDERED that the motion is granted to the extent it seeks to strike Met Ed's Ninth and Fourteenth Defenses.

IT IS FURTHER ORDERED that Met Ed's Ninth Defense and Fourteenth Defenses are stricken without prejudice for Met Ed to assert a defense, consistent with its assertions in its Sixth and Eighth Defenses, that the states' interpretation of the governing regulations are at odds with EPA's historical interpretations and/or enforcement.

IT IS FURTHER ORDERED that in all other respects, the states' motion to dismiss Met Ed's affirmative defenses is denied.

IT IS FURTHER ORDERED that the Notice of Motion and Plaintiff's and Plaintiff-Intervenor's Memorandum of Law in Support of Motion to Strike Affirmative Defenses of RRI Energy Mid-Atlantic Power Holdings, LLC, RRI Energy Power Generation, Inc. and Sithe Energies, Inc., N/K/A Dynegy, Inc., is denied.

BY THE COURT:

 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge