IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
| | |
|---|---|
| STATE OF NEW JERSEY, | : |
| | : |
| Plaintiff, | :  CIVIL ACTION NO. 5:07-cv-05298 |
| | : |
| v. | : |
| | : |
| RPI ENERGY MID-ATLANTIC | : |
| POWER HOLDINGS, LLC, | : |
| et al., | : |
| | : |
| Defendants, | : |
| | : |
| and | : |
| | : |
| STATE OF CONNECTICUT, | : |
| | : |
| Intervenor-Plaintiff, | : |
| | : |
| v. | : |
| | : |
| RRI ENERGY MID-ATLANTIC | : |
| POWER HOLDINGS, LLC, | : |
| et al., | : |
| | : |
| Intervenor-Defendants. | : |

_____

**Henry S. Perkin, M.J.**                                                                                                          **January 24, 2013**

**<u>MEMORANDUM</u>**

Defendant Metropolitan Edison Company (hereinafter "MetEd") seeks an Order granting its Motion to Compel the 120 documents listed in Exhibit A of Defendant's Reply. *See* Defendant's Letter Reply (Dkt. 275). After significant exchange amongst the parties and numerous filings, this Court interprets the remaining unsettled disputes as those listed in Exhibit A of Defendant's Reply. (Dkt. 275). Defendant has withdrawn its challenges based on attorney-

client and work-product privileges, thus the remaining issue is that of the deliberative process privilege. (Dkt. 275 at 405).

The deliberative process privilege "rests on the policy of protecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated. The purpose of the privilege is to prevent injury to the quality of agency decisions which could result from premature or indiscriminate disclosure of such deliberations." *N.L.R.B. v. Sears*, 421 U.S. 132, 150 (1975); *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 751 (E.D. Pa. 1983).

The deliberative process privilege requires (1) a formal claim of privilege lodged by the head of the controlling department; (2) demonstration by the responsible agency official of precise and certain reasons for preserving confidentiality; (3) specific designation and description of the documents claimed to be privileged; and (4) a separation of discoverable factual material from protected deliberative material, where applicable. *Harris v. City of Philadelphia*, 1995 WL 350296 at *8 (E.D. Pa. 1995). The privileged material itself must be both deliberative and pre-decisional, meaning it reflects the give and take of the consultative process and precedes temporally the decision to which it relates. *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753 (E.D. Pa. 1983).

Irrespective of the foregoing, this privilege is not absolute as the party seeking discovery can make a sufficient showing of need for the otherwise privileged material. *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753 (E.D. Pa. 1983). In conducting this balancing test, a court should consider such factors as (1) the relevance of the evidence sought; (2) the availability of other evidence; (3) the seriousness of the litigation and issues involved; (4) the role of the government in the litigation; and (5) the potential for inhibited candor by government employees

resulting from such disclosure. *Redland Soccer Club v. U.S. Army*, 55 F.3d 827, 854 (3d Cir. 1995).

Following the Third Circuit's approach as set forth in *Redland Soccer Club*, this Court must first determine the applicability of the privilege, and then conduct a balancing test. Based on the parties' submissions, it appears that Plaintiff's most precise articulation of its entitlement to privilege is appended to its Response in Attachment A (Dkt. No. 273). The Court acknowledges Defendant's objection that the full descriptions were not provided from Plaintiff until *after* the Motion to Compel was filed.

First, this Court is satisfied, *arguendo*, that the declarations of Francis Steitz (Assistant Director for Air Quality Permitting in the Division of Air Quality) and Alan Dresser (Research Scientist in the Division of Air Quality) fulfill the requirement that a formal claim of privilege be lodged by the head of the controlling department. Noting the requirement in *Scott Paper* that the head of the agency is the "top official," this Court finds Plaintiff properly claimed the deliberative process privilege. *Scott Paper Co. v. U.S.*, 943 F.Supp.489, 497 (E.D. Pa. 1996). Courts which have denied the privilege on this ground have done so when merely the representative attorney—not a government official—invoked the privilege on behalf of his client. *See Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 752-53 (E.D. Pa. 1983). Here, Plaintiff has appended the declarations of two government officials who have reviewed the requests for production.

Second, as set forth in the declarations of Francis Steitz and Alan Dresser on behalf of the State of New Jersey, the agency officials have demonstrated reasons for preserving confidentiality. Namely, the documents for which privilege was invoked contain recommendations for permit terms and conditions, recommendations for pursuing litigation

against pollution discharge sources, whether to revise regulations, and whether to undertake the rulemaking process. *See* Dkt. No. 273-2 at 2-4; Dkt. No. 273-3 at 2-3. Specifically, the agency must articulate "precise reasons why the public interest would be affected adversely by disclosure." *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753 (E.D. Pa. 1983). In the present case, releasing such information would require the agency to defend an action that it did or did not pursue, or pursued on reasons different from those articulated in the final report. *See* Dkt. No. 273-2 at 4. This showing satisfies the second element.

Third, and moving to the documents in question, there must be a specific designation and description of the documents claimed to be privileged. "Specificity of description is necessary to enable the Court to comply with its duty of insuring that the privilege is invoked as narrowly as possible consistent with its objective." *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753 (E.D. Pa. 1983). The material must be predecisional, consultative, and must reflect the personal opinions of the agency members in the course of policy formulation. *Id.* As set forth in Attachment A to Plaintiff's Response (Dkt. No. 273-1), this Court finds Plaintiff's descriptions set forth in the "Bases for Privilege" column meet the required showing. *See* Plaintiff's Response, Attachment A (Dkt. No. 273-1) at 1-78. This Court is satisfied that the descriptions sufficiently describe the contents, date, author (where applicable) and the decision at issue. Moreover, the descriptions reflect personal opinions on policy formulation, not merely administrative tasks incident to implementation. *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753 (E.D. Pa. 1983).

Fourth, factual or administrative material that is severable from its context must be disclosed, even if contained within a document that includes deliberative material, unless it is so intertwined with the policymaking process that disclosure is inconsistent with the privilege.

*Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753-54 (E.D. Pa. 1983). Defendant's Motion to Compel states that Plaintiff has not identified whether the documents contained severable factual information. (Dkt. No. 270 at 11). Plaintiff now responds that the documents contained in Attachment A withheld in their entirety contain factual information inextricably intertwined with the privileged portion of the document. (Dkt. No. 273 at 7). *Resident Advisory* requires the government, with respect to segregability, to describe how the factual information is dispersed through the document, rendering the entire document privileged. *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753-54 (E.D. Pa. 1983). It is the Court's opinion that Plaintiff has sufficiently indicated that the documents contain privileged information throughout the entirety of the document. However, in examining Plaintiff's privilege logs, this Court finds four exceptions in which it appears that factual information is indeed segregable from the privileged information. These four documents which are discoverable because they are primarily factual are as follows:

1. NJUD-8593 (Dkt. No. 273-1 at 5)
2. NJUD-8624 (Dkt. No. 273-1 at 5)
3. NJUD-8627-8628 (Dkt. No. 273-1 at 6)
4. DEP PRIV 00015596 (Dkt. No. 273-1 at 49)

The documents or groups of documents should be turned over to Defendant. These documents appear to contain "records of a field investigation" (Dkt. No. 273-1 at 5-6) and "statistics on plant emissions between 2004 and 2006" (Dkt. No. 273-1 at 49). Such information is factual, and should be produced. Defendant objects that Plaintiff has not provided identifying bates numbers to determine which have been produced but redacted. (Dkt. No. 275-2). Plaintiff, as the guardian of documents, must provide identifying information to Defendant so as to avoid obstruction of the discovery process.

The balancing test requires the Court to examine (1) the relevance of the evidence sought; (2) the availability of other evidence (3) the seriousness of the litigation; (4) the role of the government in the litigation and (5) the potential for inhibited candor by government employees resulting from such disclosure. *Redland Soccer Club v. U.S. Army*, 55 F.3d 827, 854 (3d Cir. 1995).  As Plaintiff has properly asserted the deliberative process privilege, the Court must now examine whether Defendant has met the heavy burden of showing entitlement to otherwise privileged documents.

Focusing primarily on the fifth factor—the potential for inhibited candor—the Court finds Defendant has not met this showing. The documents described throughout Plaintiff's privilege log appear to be clearly predecisional and deliberative. They reflect precisely the type of material described in *NLRB v. Sears* which the United States Supreme Court deemed privileged. The documents reflect agency strategy, implementation policy and policing decisions. Ordering the production of documents which expose the agency's rulemaking process would violate what rests at the heart of the deliberative process privilege—protecting the quality of agency decisions.

With respect to the other factors, Defendant has not made a compelling argument that it is entitled to the otherwise privileged documents. Defendant has not claimed that these particular documents—notably few within a voluminous discovery record—are essential to its defense, *highly* relevant to its particular claim, or otherwise of utmost importance.  A review of Defendant's pending Motion for Summary Judgment appeals to rest on primarily affirmative defenses. It does not appear that the crux of Defendant's argument is in challenging the substantive rules or rulemaking process, which is what the privileged documents largely pertain to.

For the foregoing reasons, Defendant's Motion to Compel is granted in part (solely to the extent of the four documents listed above containing factual data) and denied in part (with respect to all remaining documents not excepted).

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE OF NEW JERSEY,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 5:07-cv-05298 |
| | : | |
| v. | : | |
| | : | |
| **RPI ENERGY MID-ATLANTIC POWER HOLDINGS, LLC,** et al., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| **STATE OF CONNECTICUT,** | : | |
| | : | |
| Intervenor-Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **RRI ENERGY MID-ATLANTIC POWER HOLDINGS, LLC,** et al., | : | |
| | : | |
| Intervenor-Defendants. | : | |

**ORDER**

**AND NOW**, this 24th day of January, 2013, upon consideration of Defendant Metropolitan Edison Company's Amended Motion to Compel Production of Documents (Dkt. No. 270) filed on October 5, 2012, Plaintiff New Jersey's Letter Response (Dkt. No. 273) filed on October 22, 2012, Defendant Metropolitan Edison Company's Letter Reply (Dkt. No. 275) filed on November 1, 2012, Plaintiff New Jersey's Motion for Leave to File a Surreply Memorandum (Dkt. No. 297) filed on November 19, 2012, Defendant Metropolitan Edison

Company's Letter Response to Plaintiff's Surreply Memorandum (Dkt. No. 301) filed on November 20, 2012, and for the reasoning set forth in the foregoing Memorandum;

**IT IS ORDERED** that the motion is **GRANTED** in part[1] and **DENIED** in part.

BY THE COURT:

/s/ Henry S. Perkin
HENRY S. PERKIN
United States Magistrate Judge

---

[1] Defendant's Motion to Compel is granted only to the extent of the following documents, appearing in Attachment A to Plaintiff's Reply (Dkt. No. 273):

1. NJUD-8593 (Dkt. No. 273-1 at 5)
2. NJUD-8624 (Dkt. No. 273-1 at 5)
3. NJUD-8627-8628 (Dkt. No. 273-1 at 6)
4. DEP PRIV 00015596 (Dkt. No. 273-1 at 49)

As Defendant has withdrawn its challenges based on attorney-client and work-product privileges, the Motion to Compel was analyzed for issues relating solely to Plaintiff's claim of the deliberative process privilege. (Dkt. 275 at 405). Of the four documents listed above, Plaintiff should turn such documents over to Defendant to the extent they contain severable factual information (i.e. statistical information and records of field investigations).